UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON TIBBS,

    Plaintiff,

    v.      CASE NO. 3:25-CV-770-HAB-ALT

DRU KENNEDY,

    Defendant.

## OPINION AND ORDER

Jason Tibbs, a prisoner without a lawyer, filed a complaint. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). But under 28 U.S.C. § 1915A, the court must still review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Tibbs alleges that, on March 5, 2025, he received a conduct report at the Westville Correctional Facility. At screening, he requested witnesses. At the disciplinary hearing, Officer Kennedy served as the hearing officer and told Tibbs he would find him guilty without reviewing any witness statements, so Tibbs pled guilty. As a result of the hearing, Tibbs lost his job, his housing assignment, and a substantial portion of his case plan time cut.

Tibbs asserts that Officer Kennedy's refusal to review witness statements violated his right to procedural due process. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural

protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Id.* The loss of prison employment does not amount to a deprivation of a liberty interest. *Lekas v. Briley*, 405 F.3d 602, 610-14 (7th Cir. 2005); *Green v. Walker*, 398 F. App'x 166, 168 (7th Cir. 2010); *Antoine v. Uchtman*, 275 F. App'x 539, 541 (7th Cir. 2008). Nor do prisoners have a liberty interest in a particular housing assignment. *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000). Moreover, while placement in conditions that "impose an atypical and significant hardship within the correctional context" would implicate a liberty interest, *Jackson v. Anastasio*, 150 F.4th 851, 858 (7th Cir. 2025), the complaint describes no such conditions.

As for the case plan time cut, the court understands Tibbs to be referencing Ind. Code. § 35-50-6-3.3(b)(3)(E). Under that statutory provision, inmates may earn educational credit if they "successfully complete the requirements of an individual case management plan approved by the department of correction." *Zimmerman* proves instructive in assessing whether the loss of a substantial portion of his case plan time cut implicates a liberty interest.

In *Zimmerman*, the inmate-plaintiff complained that he lost the opportunity to earn good time credit when he was removed from vocational and substance abuse programs due to a facility transfer. 226 F.3d at 570. The Seventh Circuit reasoned that there is no due process protection "for action that merely might affect the duration of a sentence." *Id.* at 571-72. It observed that it was not "inevitable" that the petitioner would complete a program that would entitle him to good time credit if he had completed it. *Id.* at 572. The Seventh Circuit concluded that "denying [the petitioner] the opportunity to earn good time credits [did] not inevitably affect the duration of the sentence and [did] not deprive him of constitutional guarantees." *Id.*

2

Here, the Indiana statute similarly indicates that inmates are awarded educational credit time only after they have successfully completed a case management plan. As a result, Tibbs similarly lost only the opportunity to earn credit toward his sentence, so the loss did not amount to a liberty interest.

In sum, the Court finds that the allegations in the complaint do not suggest that Tibbs was deprived of a liberty interest and the complaint does not plausibly state a procedural due process violation. If Tibbs believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018).

To file an amended complaint, he needs to write this case number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Jason Tibbs until **January 5, 2026**, to file an amended complaint; and

(2) CAUTIONS Jason Tibbs if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on December 3, 2025.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT