UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON TIBBS,

    Plaintiff,

        v.                                      CASE NO. 3:25-CV-770-HAB-ALT

DRU KENNEDY,

    Defendant.

## OPINION AND ORDER

Jason Tibbs, a prisoner without a lawyer, filed an amended complaint. ECF 9. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pabrdus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the amended complaint, Tibbs alleges that, on March 5, 2025, he received a conduct report. Officer Kennedy presided over the disciplinary hearing as the hearing officer, and he refused to review the evidence submitted by Tibbs or to allow Tibbs to call witnesses. Officer Kennedy told him to plead guilty because he was going to find him guilty regardless, and Tibbs pled guilty. As a result of this guilty plea, Tibbs was placed in "disciplinary idle housing."

Tibbs further alleges that the housing conditions in disciplinary idle housing were unsanitary. According to Tibbs, the showers had no lights and moldy standing water. The unit had three toilets for eighty inmates that routinely leaked and flooded, leaving urine and feces on the

floor. The unit was constantly on lockdown, overcrowded, and hostile. The unit had a leaky roof and missing windows with constant electrical malfunctions. The unit also had an extreme infestation of rodents and insect.

Based on these allegations, Tibbs asserts that Officer Kennedy denied him procedural due process in connection with his disciplinary hearing, and he seeks the removal of the conduct report from his departmental record. "A procedural due process claim consists of two elements: (i) deprivation by state action of a protected interest in life, liberty, or property, and (ii) inadequate state process." *Reed v. Goertz*, 598 U.S. 230, 236 (2023). "To implicate a liberty interest protected by due process based on a change in the conditions of confinement a prisoner must show they suffered atypical and significant hardship in relation to the ordinary incidents of prison life." *Torres v. Brookman*, 155 F.4th 952, 956 (7th Cir. 2025). "The standard for atypical and significant hardship is dependent on the combined duration and conditions of the confinement." *Id.* "The standard is a flexible one, with no one dispositive factor; rather, we must take into consideration all of the circumstances of a prisoner's confinement in order to ascertain whether a liberty interest is implicated." *Id.* at 957.

"[A]n inmate who is facing transfer to disciplinary segregation is entitled only to informal, nonadversarial due process, which leaves substantial discretion and flexibility in the hands of the prison administrators." *Adams v. Reagle*, 91 F.4th 880, 895 (7th Cir. 2024). "Informal due process calls for notice of the reasons for the inmate's placement and an opportunity to present his views." *Id.* "[O]rdinarily a written statement by the inmate will accomplish this purpose. So long as this occurs, and the decisionmaker reviews the charges and then-available evidence against the prisoner, the Due Process Clause is satisfied." *Id.* However, "prisoners have no due process right to call witnesses when facing disciplinary segregation." *Torres*, 155 F.4th at 959.

The Court finds that Tibbs has adequately stated a claim that Officer Kennedy violated his procedural rights in connection with his time in disciplinary idle housing for purposes of screening. However, given the request for injunctive relief, the proper defendant is the Warden of the Westville Correctional Facility "because he would be responsible for ensuring that any injunctive relief is carried out." *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Furthermore:

> The [Prison Litigation Reform Act] circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Therefore, injunctive relief—if granted—would be limited to requiring that the Warden to take the actions necessary to correct the violations to Tibbs' right to procedural due process in connection with his time in disciplinary idle housing.

In the amended complaint, Tibbs also alleges that the disciplinary finding caused correctional staff to review and increase his security level. However, a convicted inmate has "no liberty interest in his security classification." *Earls v. Buske*, 2022 WL 3928515, at *1 (7th Cir. Aug. 31, 2022) citing *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("[P]risoners possess neither liberty nor property [interests] in their classifications and prison assignments"); *see also Healy v. Wisconsin*, 65 F. App'x 567, 568 (7th Cir. 2003) ("[I]nmates do not have a protected liberty interest in a particular security classification."); *Taylor v. Levesque*, 246 F. App'x 772 (2d Cir. 2007) (prisoner did not have a protected liberty interest in his security classification). Therefore, Tibbs may not proceed on these allegations.

For these reasons, the Court:

3

(1) DIRECTS the Clerk to add the Warden of the Westville Correctional Facility as a defendant;

(2) GRANTS Jason Tibbs leave to proceed against the Warden of the Westville Correctional Facility in his official capacity on an injunctive relief claim to take the actions necessary to correct the violations of Tibbs' right to procedural due process in connection with his time in disciplinary idle housing;

(3) DISMISSES all other claims;

(4) DISMISSES Dru Kennedy;

(5) DIRECTS the Clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Warden of the Westville Correctional Facility at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 9);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), the Warden of the Westville Correctional Facility to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 30, 2025.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT